UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IPSITA GUPTA                                                                CIVIL ACTION

VERSUS

                                                                                         NO. 15-741-SDD-RLB

RONNIE KELLY, ET AL.

## ORDER

Before the Court is Crete Carrier Corporation's ("Crete Carrier") Motion to Compel Independent Medical Examination filed on November 7, 2016. (R. Doc. 23). The Court granted expedited consideration of this Motion and ordered Plaintiff to file any response to this Motion on or before November 15, 2016. (R. Doc. 25). No opposition has been filed as of the date of this Order.

Also before the Court is a Joint Motion to Extend Certain Deadlines filed by Plaintiff, Crete, and the Hartford Casualty Insurance Company, Inc. on November 11, 2016. (R. Doc. 26). The parties seek extensions of all deadlines through the filing of dispositive motions.

This personal injury action arises from an automobile accident. (R. Doc. 1-1, "Petition"). Plaintiff alleges that as a result of the Defendants' negligence she has suffered the following non-exclusive injuries: (a) neck injury; (b) lumbar injury; (c) thoracic injury; (d) shoulder injury; and (e) other injuries to be shown at trial. (Petition, ¶ 12). Plaintiff seeks recovery for physical pain and suffering; mental pain and suffering; disfigurement, disability, and permanent scarring; loss of enjoyment of life; medical expenses; and loss of wages and wage earning capacity. (Petition, ¶ 13).

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. In support of their joint motion for extensions of the pre-trial deadlines, the parties represent that

they have "been working diligently to conduct written discovery and take depositions of key fact witnesses" since the issuance of the Scheduling Order. (R. Doc. 26-1 at 2).  The parties seek extensions of the discovery and dispositive motion deadlines to attempt settlement "before funds are expended to obtain expert reports by both parties and deposing over 10 expert witnesses in this case." (R. Doc. 26-1 at 2).  The extensions requested by the parties will not interfere with the October 16, 2017 trial date.  In light of the parties' timely desire to engage in settlement negotiations, the Court finds good cause for granting extensions of the pre-trial deadlines in the Court's Scheduling Order.

The Court does not, however, find good cause for extending the deadline for Plaintiff to respond to Crete Carrier's Motion to Compel.  The Court granted expedited consideration of that Motion and ordered Plaintiff to file any response to that Motion on or before November 15, 2016. (R. Doc. 25).  No response has been filed.  The filing of the parties' Joint Motion in no way suspends a Court ordered deadline, and a review of the Joint Motion does not provide a sufficient basis for the Court to reconsider its previous order granting expedited consideration or for modifying its briefing schedule.

Rule 35 provides that the "court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1).  Such an order may be issued "only on motion for good cause and on notice to all parties and the person to be examined" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2).  "Good cause" requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere. *Schlagenhauf v. Holder,* 379 U.S. 104, 118

(1964); *see also Miller v. Credit*, No. 12-00138, 2013 WL 375551, at *2 (M.D. La. Jan. 30, 2013).

The decision as to whether or not to order an independent medical examination under Rule 35(a) rests in the court's sound discretion. *Glaze v Bud's Boat Rental, Inc.,* 1993 WL 441890, *1 (E.D. La. Oct. 21, 1993). Furthermore, "[a]lthough Rule 35 examinations may be ordered 'only on motion for good cause shown,' and use of the rule to compel such examinations is not unfettered, Rule 35(a) generally has been construed liberally in favor of granting discovery." *Grossie v. Fla. Marine Transporters, Inc.*, 2006 WL 2547047, at *2 (W.D. La. Aug. 31, 2006).

Crete Carrier seeks an order requiring Plaintiff to submit to an independent medical examination ("IME") by an ear, nose, and throat specialist/otolaryngologist ("ENT"). Plaintiff testified at her deposition that she experiences pressure, itching, pain, and ringing in her ear, and that she has reported these ear complaints to her treating physicians. (R. Doc. 23-2). According to Crete Carrier, Plaintiff "has agreed to submit to IMEs from an orthodontist to evaluate her TMJ complaint and to a neurosurgeon to evaluate her neck, back and shoulder pain, as well as her reports of numbness and pressure" but will not submit to an IME by an ENT because she is not currently treating with an ENT. (R. Doc. 23-1 at 2).

Crete Carrier asserts that the "proposed evaluation would take place at the office of Dr. Worley, at 4224 Houma Blvd., Suite 640, Metairie, LA, 70006, at a time agreed upon by Dr. Worley and Ms. Gupta." (R. Doc. 23-1 at 3). Crete Carrier further asserts that the examination will take between thirty minutes and one hour. (R. Doc. 23-1 at 3 n.3). Finally, Crete Carrier asserts that the "scope of the examination will be to determine whether the condition causing Ms. Gupta's symptoms are causally related to the September 2014 accident and if so, what the proposed course of future treatment would be." (R. Doc. 23-1 at 3).

There is no dispute that Plaintiff has placed in controversy her complaints with regard to her left ear. Furthermore, there is no dispute that Dr. Worley is "a suitably licensed or certified examiner" under Rule 35(a)(1).

The Court finds good cause to issue a Rule 35 Order requiring Plaintiff to submit to a physical examination by Dr. Worley. Plaintiff complains of pressure, itching, pain, and ringing in her ear. An ENT is an appropriate physician to conduct a physical examination with regard to Plaintiff's ear complaints. That Plaintiff is not currently treating with an ENT does not preclude a finding of "good cause" for issuing a Rule 35 Order. Rule 35(a) merely requires that the plaintiff put a physical condition "in controversy." It does not require the plaintiff to be treating with a particular type of physician for that particular physical condition prior to the issuance of a Rule 35 Order.

Based on the foregoing,

**IT IS ORDERED** that Crete Carrier's Motion to Compel Independent Medical Examination (R. Doc. 23) is **GRANTED**, and the physical examination of Plaintiff by Dr. Worley shall conform to the following time, place, manner, conditions, and scope of the examination:

1. Plaintiff, Ipsita Gupta, shall submit to a neurological examination by Dr. Worley, at 4224 Houma Blvd., Suite 640, Metairie, LA, 70006, at a date and time agreed upon by Dr. Worley and Ms. Gupta.

2. Such examination shall include any physical examination deemed necessary by Dr. Worley and consistent with the routine procedures of an ENT in order to assess Plaintiff Gupta's medical condition and any alleged injuries in this lawsuit. The examination shall proceed until complete with reasonable breaks if needed, but shall not exceed 1 hour and thirty minutes. No invasive procedures are permitted.

3. At the time of said examination, Plaintiff Gupta shall answer all proper questions submitted to her, whether in writing or orally, including but not limited to, questions regarding occupational history, medical and family history, pain, prior surgeries, daily activities, any prior accidents, falls, injuries or diseases, all for the purpose of making a proper diagnosis of Plaintiff Gupta's condition.

4. No individuals other than Plaintiff Gupta, Dr. Worley and Dr. Worley's staff will be permitted to be present during the examination.  No audio or video recording of the examination will be permitted.

5. Crete Carrier shall bear the costs of the examination, including expenses associate with travel by Plaintiff Gupta to the examination.

**IT IS FURTHER ORDERED** that the parties' Joint Motion to Extend Certain Deadlines (R. Doc. 26) is **GRANTED IN PART and DENIED IN PART**.  Pursuant to Rule 16(b)(4), the following deadlines are entered:

1. **Filing** all discovery motions and **completing** all discovery except experts: **January 16, 2017.**

2. Expert reports must be submitted to opposing parties as follows:

    **Plaintiff(s):**    January 16, 2017.

    **Defendant(s):**    February 16, 2017.

3. Discovery from experts must be completed by **March 31, 2017.**

4. Deadline to file dispositive motions and Daubert motions: **April 10, 2017.**

All other deadlines remain unchanged.

Signed in Baton Rouge, Louisiana, on November 16, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**